IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATINA KONTOKANIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No. 2:22-CV-1337-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment has been entered. Pending before the Court is Plaintiff's counsel's motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $10,583.28. See ECF No. 21. The motion is not opposed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### I. STANDARDS FOR EAJA MOTION

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the Court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The Court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. The "court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). A reduction of more than 10% requires specific findings regarding the unreasonableness of the amount reduced. See id.

Finally, in most cases fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

## II. DISCUSSION

In this case, Plaintiff's counsel's motion has not been opposed by the Commissioner. Therefore, the Commissioner has not met his burden of showing that the government's position in this case was substantially justified. The Court thus finds that the government's position was not substantially justified and will focus the remainder of this order on the reasonableness of the fees requested.

Plaintiff's counsel's timesheet has been submitted and shows a total of 44.34 hours billed at rates of $234.95 per hour for work performed in 2022 and $242.78 per hour for work performed in 2023. See ECF No. 22-2. The Court finds the hourly rates to be reasonable and consistent with Ninth Circuit guidelines. See Ninth Circuit Rule 39-1.6; see also 28 U.S.C. § 2412(d)(2)(A) (setting hourly rate indexed to inflation), Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005).

For review of the administrative record in this case, counsel's timesheet reflects that counsel spent a total of 17.8 hours to complete this task. See ECF No. 22-2. The record in this case is 1,383 pages. See ECF No. 9. As a good clip of 1 page per minute, review of this record would take approximately 23 hours. Counsel accomplished the task in less time and the Court finds the time billed for record review to be reasonable.

Although this case was resolved by way of a stipulated voluntary remand, the remand was not filed until after Plaintiff's counsel had filed the opening merits brief. The opening brief was filed on May 1, 2023, see ECF No. 17, and the stipulated voluntary remans was filed on June 1, 2023, see ECF No. 18. Thus, the Court does not find that time claimed in association with preparation of the opening brief was rendered unreasonable simply because the case was voluntarily remanded. The opening brief itself is 17 pages long and raises three issues concerning the evaluation of medical opinions. See ECF No. 17. Plaintiff's counsel's timesheet reflects that he spent a total of 20.2 hours completing Plaintiff's opening brief. See ECF No. 22-2. Given the size of the record involved and the claims raised, the Court does not find this amount of time to be unreasonable.

Finally, the Court has reviewed Plaintiff's counsel's timesheet in detail and finds no inappropriate billing methods, such as block billing, or inappropriate charges, such as charges for clerical work.

### III.  CONCLUSION

Plaintiff's counsel has requested that any EAJA award be paid direct to him and not to Plaintiff. Counsel is not normally entitled to direct receipt of fees under the EAJA, so that the government may offset the payment with the plaintiff's debt. See Astrue v. Ratliff, 560 U.S. 586, 598 (2010). Since the decision in Ratliff, many courts in this district have authorized payment of fees under the EAJA directly to the plaintiff's counsel. See e.g., Nobles v. Berryhill, 2017 U.S. Dist. LEXIS 172075 (E.D. Cal. 2017), Alvarado v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 118354 (E.D. Cal. 2018), Blackwell v. Astrue, 2011 U.S. 35744 (E.D. Cal 2011). These payments directly to counsel are based upon the government's discretionary ability to

reject assignment of any claims against it to third parties under the Anti-Assignment Act.  See United States v. Kim, 806 F.3d 1161, 1169-70 (9th Cir. 2015).  This discretionary ability to reject assignment of claims "applies to an assignment of EAJA fees in a social security appeal." Yesipovich v. Colvin, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).  Plaintiff's counsel furnished his agreement with Plaintiff providing he would be paid any EAJA fees directly, minus any offset due to any potential outstanding debt by Plaintiff.  As the government has not challenged this assignment, it may still offset any of Plaintiff's debt, and may discretionally reject the assignment, EAJA fees will be made payable to counsel.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's unopposed motion for an award of fees under the EAJA, ECF No. 21, is GRANTED in full.

2. Plaintiff is awarded $10,583.28 in fees, payable to Plaintiff's counsel subject to any offset of debts.

Dated:  February 2, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE